### INJURY FROM AN UNGUARDED BUZZ SAW.

Circuit Court of Lucas County.

MILBURN WAGON COMPANY v. ROY GAWRONSKI.*

Decided, June 6, 1908.

*Safeguarding of Machinery—Pleading Statute Relating to, Not Necessary to Render Same Available—Evidence of Defective Guard Sustains Allegation of Absence of Guard—Assumption of Risk Not a Defense—Knowledge of Absence Need Not be Pleaded—Remaining at Work Not Contributory Negligence, When—Master and Servant —Sections 1027 and 6242.*

1. Under the liberal practice of this state, an action for personal injuries based upon an alleged failure to guard a buzz saw as required by statute, although not specifically designating the particular statute, may be brought under Section 4364-89c, R. S. (Section 1027, General Code), providing for the boxing or guarding of certain machinery, including saws; or under Section 4238o, R. S. (Section 6243, General Code), relating to employer's liability for defective machinery; or under both statutes, if either or both support the action.

2. An allegation in a petition charging failure to guard a saw as required by statute is sustained by evidence that the guard supplied was ineffective—in this instance a board eight inches wide, four feet long, on the end of which was attached a heavy piece of belting, more particularly designed to keep sawdust out of the operator's eyes.

3. Assumption of risk by an employe can not be interposed as a defense to an action for personal injuries based upon the failure of the employer to guard machinery as required by statute, notwithstanding the employe continued at his work with knowledge that the machinery was not so guarded. Such statutes are enacted, not only for the protection of the individual working man, but for the protection and good of the whole community, and the benefits arising therefrom can not be frittered away by contracts between individuals.

---

* Affirmed without opinion, *Milburn Wagon Co. v. Gawronski*, 81 Ohio State, 565; former judgment adhered to on rehearing, 82 Ohio State, 421.

4. The provision of Section 4238o, R. S. (Section 6243, General Code), excluding the defense of assumed risk in actions for personal injuries resulting from failure to guard machinery, creates no new cause of action, but simply operates to modify the requirements of pleading and evidence and amount of recovery. Hence, knowledge of absence of necessary guard and continuing at work notwithstanding such knowledge need not be pleaded in order to avail an employe of its protection.

5. An instruction to the jury "that the mere fact that the plaintiff knew that the top of the saw in question was not completely covered, and continued to work with it in such condition, is not evidence of contributory negligence on his part," does not imply that the jury should disregard such facts, but that standing alone they are not sufficient to justify a finding of contributory negligence; and in view of the fact that the question of contributory negligence is safeguarded in this case in two special requests and the general charge, such instruction is not so far erroneous as to justify a reversal. (Kinkade, J., dissents.)

W. H. McLean, for plaintiff in error.
C. A. Thatcher, contra.

PARKER, J; WILDMAN, J., concurs; KINKADE, J., dissents.

The action in the court of common pleas was by Gawronski, through his guardian, against the Milburn Wagon Company, to recover on account of injuries he received to his hand while working for the wagon company at a buzz saw, which injuries he alleged were due to the negligence of the wagon company, and especially in not guarding the saw as required by statute. The answer denied negligence, and alleged that the plaintiff's own negligence contributed to the injury. The cause was tried and submitted to a jury, which brought in a verdict for $2,000, in favor of the plaintiff, upon which judgment was entered.

It is contended by the Milburn Wagon Company that many prejudicial errors occurred during the progress of the cause through the court of common pleas. We can not take up all the alleged errors in detail, but we will make some mention of, and comment upon, those which appear to us to be the most material and worthy of attention.

Section 1 of act 94 O. L., 42 (R. S., 4364-89c; General Code, 1027), contains provisions requiring the boxing or guarding of

certain kinds of machinery when in use in workshops and in factories, and among the machines to be guarded are saws. I read a portion of that section:

"Owners and operators of factories and workshops, which terms shall mean all manufacturing, mechanical, electrical and mercantile establishments, and all places where machinery of any kind is used or operated, shall take ordinary care, and make such suitable provisions as to prevent injury to persons who may come in contact with any such machinery, or any part thereof; and such ordinary care and such suitable provisions shall include  *  *  *  the guarding of all saws and other wood-cutting and wood-shaping machinery," etc.

Section 2 (R. S., 4364-89$d$; General Code, 1028) provides a penalty for the violation of any of the provisions of the foregoing section.

Act 95 O. L., 114 (R. S. 4238$o$; General Code, 6242), provides that:

"An employer shall be responsible in damages for personal injury caused to an employe, who is himself in the exercise of due care and diligence at the time, by reason of any defect in the condition of the machinery or appliances connected with or used in the business of the employer, which arose from, or had not been discovered or remedied owing to the negligence of the employer, or of any person in the service of the employer, entrusted by him with the duty of inspection, repair, or of seeing that the machinery or appliances were in proper condition."

The petition does not charge the violation of any specific statute, that is to say, it does not disclose, by mention thereof, the particular statutes upon which the plaintiff relies. It is said by the plaintiff in error that the plaintiff in this case relied upon R. S., 4238$o$. We find nothing in the record, however, disclosing that his reliance was upon that statute, and in argument here, and in his brief, he seems to rely upon both the statutes that I have mentioned and from which I have quoted—and I may say in passing, that we can see no reason in the circumstances of the case why he may not do so, why the judgment, if it is to be supported, may not receive support from the one statute as well from the other, or from both, if either or both lend support to it.

In the case of *Krause* v. *Morgan*, 53 Ohio St., 26, an action founded upon the alleged negligence of a mining company for injuries to a servant arising out of violation of a duty both at common law and under the statute, this was said, page 30:

"The defense was a denial of negligence and omission of duty, and that the injury occurred by reason of the willful negligence of plaintiff after being warned not to enter the part of the mine where the explosion occurred. Plaintiff, by reply, denied the warning and the negligence.

"Under the construction given the petition, the plaintiff was permitted, against the objection of defendants, to introduce testimony tending to show what would be proper practice in operating mines in that vicinity independent of the statute. To rebut this, the defendants, against objection of plaintiff, were permitted to offer proof showing the ordinary and general practice in mines in the vicinity in the respects referred to. We need not take the trouble to determine whether or not the liberal construction given the pleading by the trial court was correct. Clearly, it would have been proper practice to embrace both charges in the petition, and, inasmuch as the plaintiff sought to try his case upon that theory, and could, if necessary, have amended the pleading to meet the facts, he ought not to be heard to object to testimony in contradiction of the case he had thus voluntarily made. We think the testimony offered by the defendants was competent."

Of course the precise question as to the form of objection raised by the pleading is not the question presented here, but this opinion illustrates the view of the court that under our liberal practice the case could be tried upon both theories. It seems to us from an examination of the statutes, however, that the section which is applicable here, is the one from which I first quoted, R. S., 4364-89c, and that the petition in charging the violation of duty adopts in a measure the language of this statute requiring the taking of ordinary care to "make such suitable provision as to prevent injury to persons who may come in contact with any such machinery, or any part thereof."

The petition charges that the saw was not guarded, so that the person attempting to operate the same would be in danger, etc. It is said, however, that the evidence does not support this case as stated in the petition; that the evidence discloses a case,

if any case at all is made against the plaintiff in error, of a defective machine or appliance provided against by R. S., 4238o. The alleged fault here was a failure to have a guard over the saw.    It appears that hanging in front of the saw, that is, between the operator and the saw, was a board eight or ten inches wide and perhaps four feet high, that came down close to the table through which the saw ran and upon which the lumber to be sawed was laid and moved, and that from the end of this board there was a piece of heavy belting extending down quite to the table or nearly to it, and it is said that this was a guard within the meaning of the statute, and that, therefore, this is not a case where there was no guard, but a case where there was a guard, but perhaps a not entirely effective one.    A reading of the record leaves some doubt as to whether this was ever designed as a guard to protect the operator, further than to keep the sawdust from the saw from flying in his face and eyes and bothering him about his work.    But whether it may be regarded as a guard or not, we think that, nevertheless, the plaintiff contending that it was not a sufficient guard might therefore contend that it was not a guard that complied with the statute, was not a guard in the furnishing of which the obligation resting upon the employer under the statute was discharged; that he might well allege the absence of the guard required by law, and that the fact that it appeared that there was some pretense of a guard would not defeat his recovery, or would not make the cause as presented by the evidence so different from the cause presented by the pleadings as to amount to a material variance; and certainly, under the circumstances of this case, it can not be pretended that this could have been misleading or in any way prejudicial to the plaintiff in error.

A great deal of the controversy in this case centered about the question whether the employe remaining in the employment, remaining at his work with knowledge that the machine was not guarded as required by law, assumed the risk and hazard of continuing his work there, so that no cause of action could arise in his favor on account of injuries received in consequence of the saw being unguarded; or, to state it in another way, so that

the contention that he assumed the risk and hazard could be interposed as a defense to his recovery.

The prayer in the petition was for a judgment of $15,000 R. S., 4238o (General Code, 6242), was invoked on behalf of the plaintiff below in answer to this contention, and, besides, it was urged that independently of the provisions of this section of the statute, the doctrine of assumed risk did not apply to such a situation as was here presented.

The view of this court upon a case of like character, *Ziehr* v. *Paper Co.*, 28 O. C. C., 342 (7 C.C.[N.S.], 144), involving this statute in which this question was raised, was expressed by Judge Hull, and it was there held, as expressed in the fourth clause of the syllabus, which I read:

"At the common law, a servant continuing to use dangerous machinery without objection on his part or promise to repair on the part of the master, was held to have assumed the risk thereof; under the statute, however, which requires certain machinery to be covered, and makes it negligence on the part of the master if it is not, a servant will not be held to have assumed the risk thereof so as to bar a recovery, unless he be guilty of contributory negligence."

The words "unless he be guilty of contributory negligence" might well have been omitted, because the court was considering the question whether there was an assumption of the risk, and to mix up with the question of contributory negligence has a tendency to confuse. I want to say with respect to this report that it was published after the death of Judge Hull; that he never had an opportunity to revise it and it contains some clerical and some typographical errors that would have been corrected no doubt had he been afforded an opportunity to examine the proof. But the substance of the decision can not be mistaken.

Now, in support of the contention that the doctrine of assumed risk applies, notwithstanding this penal statute, the alleged violation of which forms the basis of the claim for recovery, counsel for the plaintiff in error has cited the case of *Krause* v. *Morgan, supra*, and the case of *Hesse* v. *Railway*, 58 Ohio St., 167, and some other decisions by the Supreme Court, and, besides,

the case of *Johns* v. *Railway*, 3 C.C.(N.S.), 545, which was affirmed by the Supreme Court, without report, *Johns* v. *Railway*, 69 Ohio St., 532.

A reading of the opinion of Judge Hull will show that this court considered most of those cases, and I think all of them. Most, if not all, are commented upon.   The one especially relied upon before us, in the case of *Ziehr* v. *Paper Co., supra,* was the case of *Krause* v. *Morgan, supra,* and it was urged that it had been therein distinctly held by the Supreme Court that the doctrine of assumed risk still obtains in Ohio, even where statutes of this character are invoked; but Judge Hull undertook to point out, and we think he did it very successfully, that the real question involved in that case was one, not of assumption of risks, but of contributory negligence, and in this attempt he had the assistance of a decision by Judge Taft of the United States Circuit Court of Appeals, *Narramore* v. *Railway,* 96 Fed. Rep., 298, from which he made certain quotations.   I mean that he had this assistance, not only in distinguishing the case of *Krause* v. *Morgan, supra,* as not being a case founded upon the doctrine of assumption of risk, but he also had its support to the contrary doctrine; that is to say, that the doctrine of assumption of risk could not be invoked in the face of a violation of a statute of this character.

Quoting from *Narramore* v. *Railway, supra,* Judge Taft says, page 11:

"The doctrine of the assumption of risk rests really upon contract; the only question remaining is whether the courts will enforce or recognize as against a servant, an agreement express or implied on his part, to waive the performance of a statutory duty of the master, imposed for the protection of the servant, and in the interest of the public, and enforcible by criminal prosecution.   We do not think they will.   To do so would be to nullify the object of the statute.   The only ground for passing such a statute is found in the inequality of terms upon which the railway company and its servants deal, in regard to the dangers of their employment.   The manifest legislative purpose was to protect the servant by positive law, because he had not previously shown himself capable of protecting himself by contract, and it would entirely defeat this purpose thus to permit the servant to 'contract the master out' of the statute.   It would

certainly be novel for a court to recognize as valid an agreement between two persons that one should violate a criminal statute; and yet, if the assumption of risk is the term of a contract, then the application of it in the case at bar is to do just that.''

There is another consideration that I think is taken up in the decision by Judge Taft—I know it is in some of the cases—and that is that these statutes are passed, not only for the protection of the individual working man, but they are passed for the protection and the good of the whole community, and it need not be argued at length, nor enforced by illustrations, that the whole community is interested in the physical health and welfare of each individual, pecuniarily and selfishly interested therein, putting it upon no higher ground, and that it would not do for the benefits to the public sought to be secured by statutes of this character to be frittered away by contract between individuals.

But, as I have said, the views of this court upon this subject are expressed in that opinion, and the court as at present constituted feel disposed to adhere to that decision until a higher authority shall direct a different course.

This case of *Johns* v. *Railway, supra,* was decided at an earlier period. I do not remember whether Judge Hull takes notice of it in his opinion, but I know that it was under consideration, and it seems that the court which announced that decision, the Circuit Court of the Eighth Circuit, felt impelled to do so by its understanding of the decision of *Krause* v. *Morgan, supra,* and not because it was quite satisfied with the doctrine of the case. Judge Marvin, in delivering the opinion, says, page 443:

''The opinion in this case, by Judge Spear, I will not stop to read. It sustains this proposition: That, although the railroad company is in violation of this statute, still one who is in the employ of the company, and knows all about such violation, must be held to have assumed the risk. However hard that doctrine may seem, it seems to be the doctrine of the Supreme Court of Ohio.''

I read an earlier paragraph:

''In *Valley Ry.* v. *Keegan,* 40 Bull., 167, Judge Taft of the federal circuit court delivers an elaborate opinion, holding that

one violating a statute in the prosecution of its business, can not avail himself of his employe assuming the risk that comes from the violation of that statute. Judge Taft makes an argument which, to me, is very satisfactory, but is not so to our Supreme Court, which holds directly opposite.''

Our view of the matter was that our Supreme Court had not held ''directly opposite,'' but that its decision had been misunderstood by the circuit court of the eighth circuit. The case of *Ziehr* v. *Paper Co., supra,* went to the Supreme Court, but it was settled out of court, so we never had the judgment of the Supreme Court upon it.

Now, holding this view, to discuss the possible effect of act 97 O. L., 547 (R. S., 4238o-1; General Code, 6243), seems somewhat like discussing a moot question, for if the doctrine of assumption of risks did not apply at all, it was not necessary to invoke R. S., 4238o-1. This section has no effect on the matter at all. It was a sort of work of supererogation upon the part of the Legislature. But assuming that this statute was necessary for the purpose of affecting this question of assumed risk as it applies to the case at bar, we come to consider the question whether it may be invoked and whether it may be applied in this case.

This statute was passed after the decision by the circuit court of the eighth circuit cited *supra.* It seems to have been in force when *Ziehr* v. *Paper Co., supra,* was before this court, but no heed was given to it, and it probably had no application to the case being presented to the court. It was not in force when these decisions of the Supreme Court which are cited to us were decided, or at least when the causes of action in those cases arose. In other words, what the Supreme Court was considering was the question independent of this statute. But now it is said to us, on behalf of the defendant in error, that ''even if we are not right about the doctrine independent of the statute, here is the statute for his protection,'' while, on the other hand, the plaintiff in error urges that he may not avail himself of this statute because he has said nothing about the statute in his pleading, he has not invoked it, and he has practically abandoned it or rejected it by asking for $15,000, whereas the statute applies only to cases where but $3,000 may be recovered on account of

a personal injury, or $5,000 on account of a death. In other words, the statute steps in to modify or affect the doctrine of assumed risks only as to a limited amount of recovery. We think of this statute, as we remarked of the others, that it need not be specifically mentioned in the pleadings, in order that it may be invoked, or in order that the party may avail himself of its provisions. We do not regard it as a statute which creates a new cause of action in favor of the person injured. The cause of action is the ordinary one, sounding in tort, and the action to recover on account of an injury arising through negligence. The statute operates upon the case so as to, in effect, modify the requirements as to pleading and evidence, and to modify the rights as to amount of recovery.

Act 97 O. L., 547 (R. S., 4238*o*-1), reads:

"In any action brought by an employe, or his legal representative, against his employer, to recover for personal injuries, when it shall appear that the injury was caused in whole or in part by the negligent omission of such employer to guard or protect his machinery or appliances, or the premises or place where said employe was employed, in the manner required by any penal statute of the state or the United States in force at the date of the passage of this act the fact that such employe continued in such employment with knowledge of such omission, shall not operate as a defense; and in such action, if the jury find for the plaintiff, it may award such damages not exceeding, for injuries resulting in death, the sum of five thousand dollars, and for injuries not so resulting, the sum of $3,000, as it may find proportioned to the pecuniary damages resulting from said injuries; but nothing herein shall affect the provisions of R. S., 6135 (General Code, 10772, 10773). Nothing herein contained shall be construed as affecting the defense of contributory negligence, nor the admissibility of evidence competent to support such defense."

Had the recovery been for more than $3,000, then the question would be presented whether the plaintiff might not even then come in and enter a remitter for all in excess of $3,000, and so save the judgment under the statute.

Here the evidence disclosed that the employe, the plaintiff below, was well aware that the machine was not guarded, and that he continued at his work notwithstanding such knowledge.

He does not say in his petition that he had such knowledge, but it is open to that construction. We do not think he is required to state specifically in his pleading that he was aware of the absence of a guard in order to bring himself within the provisions of this statute. We do think that the effect of the statute is to modify certain rules of pleading in cases coming within it, particularly the rule of pleading as laid down in *Chicago & O. Coal & Car Co.* v. *Norman,* 49 Ohio St., 598, and *Hesse* v. *Railway, supra,* requiring the servant to allege and show that he did not have knowledge of alleged defects. Such allegation and proof are not now necessary in cases coming within the purview of this statute.

There were a great many requests to charge on behalf of plaintiff below that were given, and that were objected to by the defendant below, plaintiff in error, and requests to charge on behalf of plaintiff in error, that were refused, of which matters the plaintiff in error complains. We can not take them up and discuss them one at a time, but we have to say generally that we find no error in the rulings of the court upon those matters or in the general charge, and that this conclusion naturally follows, as to most of the questions presented, from what we have said in respect to the rights of the plaintiff under R. S., 4238*o*-1, 4364-89*c*.

There is one instruction, however, that was given on behalf of the plaintiff below that has bothered us a great deal, and we are not in entire harmony in our views upon it. One member of the court finds no difficulty in sustaining it, another has finally become reconciled to it, but not very heartily, and another thinks it radically wrong. It is the sixth request given on behalf of the plaintiff:

"The jury is instructed that the mere fact that the plaintiff knew that the top of the saw in question was not completely covered, and continued to work with it in such condition, is not evidence of contributory negligence on his part."

The fourth request given on behalf of plaintiff below, we think correct, and we think it substantially covers the matter of the sixth request, and that it would have been better to have refused the sixth.

The fourth reads:

"The jury is instructed that should you find from the evidence that the plaintiff knew that the top part of the saw was not covered, that fact, of itself, is not as a matter of law proof of contributory negligence on his part in working with said saw."

Perhaps the same thing was meant in the sixth, that is to say, knowledge that the saw was uncovered, and continuing in the work with that knowledge, those facts of themselves would not be sufficient evidence of contributory negligence to defeat recovery by the plaintiff. If that had been given, because of the provisions of R. S. 4238o-1, we think it would have been correct.

While the title of this act, as found in 97 O. L., 547, "An act qualifying the risks to be deemed as assumed by employes," and while it has been discussed as if it were an act that dealt only with what is known as assumed risk, as distinguished from contributory negligence, yet upon looking into the statute, it will be observed that it provides distinctly that the fact that the employe continued in said employment with knowledge of such omission shall not operate as a defense; so the fact of continuing at work with such knowledge is not to operate as a defense whether it be regarded as giving rise (in the absence of the statute) to what is known as "assumed risk" technically and distinctively, or whether it be regarded as an act of contributory negligence.

It is conceived that one may enter an employment, or remain in an employment, under circumstances where the hazard is so apparent, where it is so clear, that a man of ordinary prudence would not undertake the risk of the character of the machinery, the character of the place, or defects in the machinery, or other hazard, and that therefore he would be guilty of contributory negligence in so doing, and that that defense might be asserted and maintained quite independently of the doctrine and defense of assumption of risks as distinguished from contributory negligence. But under this statute, no matter whether you should treat the act as coming within the scope of the doctrine of assumption of risk or of contributory negligence, "the fact," the statute says, "shall not operate as a defense." So

that we think it would have been quite right for the court to charge that remaining in the employment with knowledge of the condition would not defeat a recovery even if, independent of the statute, so doing would have amounted to contributory negligence that would defeat a recovery. Under the statute such use might not be made of that fact alone. This charge seems to go beyond that. It seems to be open to the construction that when the jury came to consider the whole case upon the question of contributory negligence, which is an issue in the case, they may or should disregard the circumstance that the plaintiff remained in the employ and at work at this machine, with knowledge that it was not covered, and that if they find facts and circumstances from which they may impute to him contributory negligence, such facts must be sufficient in and of themselves and entirely independent of any consideration of this fact of remaining at work with knowledge of all conditions. If given such construction, we think the charge wrong; but we have concluded that that would perhaps be a strained construction and one which the jury probably did not give it; that it is not meant by such instruction that when they come to the consideration of the question of contributory negligence they are to disregard those facts, but it is simply meant that these facts, standing alone, are not sufficient to justify a finding of contributory negligence. Because of this statute standing alone they are not evidence, certainly not effective evidence, certainly not evidence of any value in law, of contributory negligence. And giving the instruction that construction, and giving further consideration to the fact that in the requests on behalf of plaintiff in error the rights of the plaintiff in error are well safeguarded upon this question of contributory negligence, and that such view is strengthened also in the general charge, we think we should not hold that this instruction is so far erroneous as to justify a judgment of reversal.

On the requests on behalf of the plaintiff in error these charges were given:

"If the jury shall find that the saw was so guarded as to protect a person operating it in the usual and ordinary manner, and that the plaintiff's injury resulted from his operating the

saw in some other manner, your verdict should be for the defendant.''

''If the jury find that the plaintiff was injured while reaching with his hand over the saw, and further find that in the exercise of ordinary care and in the ordinary course of operating the saw, the plaintiff would not have placed his hand over the saw and reached over the saw, then your verdict should be for the defendant.''

''The jury are instructed, as a matter of law, that it was not the duty of the Milburn Wagon Company to protect the plaintiff against injury which might result to him while operating the saw in a manner other than that usually adopted by ordinarily prudent operators of rip saws.''

And also in the general charge:

''You are instructed that it was the duty of the plaintiff, while operating the saw, to exercise ordinary care to avoid injury. Notwithstanding any negligence on the part of the defendant in failing to guard the saw, if you find that it failed to do so, the plaintiff can not recover, if he himself was guilty of contributory negligence; that is, if by his own failure or omission to exercise ordinary and reasonable care while operating the saw, he contributed directly to the injury of which he complains. If you find that the defendant, the Milburn Wagon Company, did not exercise reasonable care in the maintenance and operation of the saw at which the plaintiff claims he was injured, in that it did not properly guard the saw, and if you further find from the evidence that the plaintiff in attempting to operate the saw was injured by reason of the failure of the defendant to guard the saw, and that the plaintiff was exercising reasonable care and caution at the time to avoid injury, then you will find that the defendant is liable and your verdict will be for the plaintiff,'' etc.

Under the circumstances a majority of the court hold that there is not in the record prejudicial error justifying a reversal.

The judgment will be affirmed.